# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC** | § § § § | **Civil Action No. 2:21-cv-00304** |
| **Plaintiff,** | § § | **Jury Trial Requested** |
| **v.** | § § § | |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.;** | § § § § § | |
| **Defendants.** | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Atlas Global Technologies LLC ("Atlas"), for its Complaint against Defendant Samsung Electronics Co., Ltd., ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung"), requests a trial by jury and alleges as follows upon actual knowledge with respect to itself and its own acts and upon information and belief as to all other matters:

## NAUTRE OF THE ACTION

1.   This is an action for patent infringement brought by Atlas as the owner of the patents asserted in this Complaint. Atlas alleges that Samsung infringes U.S. Patent Nos. 9,763,259 ("the '259 Patent") (Ex. A); 9,825,738 ("the '738 Patent") (Ex. B); 9,848,442 ("the '442 Patent") (Ex. C); 9,912,513 ("the '513 Patent") (Ex. D); 9,917,679 ("the '679 Patent") (Ex. E); 10,020,919 ("the '919 Patent") (Ex. F); 10,153,886 ("the '886 Patent") (Ex. G); and 10,756,851 ("the '851 Patent") (Ex. H) (collectively, the "Asserted Patents"), copies of which are attached hereto as Exhibits A-H.

2.   Atlas alleges that Samsung both directly and indirectly infringes each of the Asserted Patents by making, using, offering for sale, selling and/or importing the Accused Products described below, in the United States without a license to do so. Atlas further alleges that Samsung induces infringement by other third parties through their use of the Samsung Accused Products as directed and instructed by Samsung. Atlas seeks damages and other compensatory relief for Samsung's prior and continued infringement of the Asserted Patents.

## THE PARTIES

3.   Atlas is a limited liability company organized under the laws of Texas with its principal place of business at 4413 Spicewood Springs Rd., Suite 101, Austin, TX 78759.

4.   Atlas is the assignee and owner of the Asserted Patents through assignment on February 19, 2021, from Newracom, Inc., ("Newracom") to Atlas. Newracom was the original owner of the Asserted Patents though assignment from the named inventors.

5.   On information and belief, Defendant SEC is a corporation organized under the laws of South Korea. It has its principal place of business at 129 Samsung-ro, Yeongtong-gu, Gyeonggi-

do 16677 Suwon-Si, South Korea. As the foreign parent, SEC directs and manages the operations of its wholly-owned US subsidiaries, including Defendant SEA.

6.   On information and belief, Defendant SEA is a corporation organized under the laws of New York with its principal place of business at 85 Challenger Rd., Ridgefield Park, NJ 07660. SEA is registered to do business in the state of Texas. SEA has appointed CT Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201 as its agent for service of process. SEA is a wholly owned subsidiary of SEC and oversees domestic sales and distribution of Samsung's consumer electronics products, including the products accused of infringement in this case.

7.   SEC and SEA have acted in concert with respect to the facts alleged herein such that any act of SEC is attributable to SEA and vice versa.

8.   On information and belief, Samsung maintains regular and established places of business and does extensive business in Texas and in the Eastern District of Texas, *inter alia*, at its facilities at 6625 Excellence Way, Plano, TX 75023 and 12100 Samsung Blvd, Austin, TX 78754. Samsung's Collin County and Travis County properties were appraised and taxed by their respective appraisal districts in 2021 at a combined value of over $1.1 Billion. Samsung Electronics America's Plano office is referred to as its "Mobile hub" for its smartphone product line.  Other divisions, including Networks, Mobile Marketing, Computing and Wearables, and Product Management, are located in the Plano facilities in this District. *See https://www.themuse.com/profiles/samsungelectronicsamerica/location/plano*.

9.   By registering to conduct business in Texas and by having facilities where it regularly conducts business in this District, Defendant Samsung has a permanent and continuous presence in Texas and a regular and established place of business in the Eastern District of Texas. *See https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/*.

## JURISDICTION

10. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Samsung due, *inter alia*, to its continuous presence in, and systematic contact with, this judicial district, its registration in Texas, and its domicile in this judicial district. Samsung is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including at least part of its past infringing activities, regularly doing or soliciting business at its Plano and Austin facilities, and engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in the State of Texas, including in the Eastern District of Texas. Samsung directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this judicial district by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the Asserted Patents.

## VENUE

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b), (c), (d) and 1400(b) because SEA has a permanent and continuous presence in, has committed acts of infringement in, and maintains a regular and established place of business in this district. SEA holds itself out as maintaining a place of business in this district and conditions employment on residing in this district. Upon information and belief, SEA has committed acts of direct and indirect infringement in this judicial district, including using and purposefully transacting business involving the Accused Products in this judicial district such as by sales to one or more customers in the State of Texas, including in the Eastern District of Texas, and maintaining a regular and established place of business in this judicial district, as set forth above.

13. Venue is proper in this District as to SEC pursuant to 28 U.S.C. § 1391(c)(3) because venue is proper in any judicial district against a foreign corporation. *See In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018).

## THE 802.11 STANDARD

14. Wireless Local Area Networks (WLANs) have become ubiquitous with the rise of mobile telecommunication devices. These wireless networks operate using an unlicensed band of 2.4 GHz,

5 GHz, and/or 6 GHz. The operation of WLANs is standardized by the Institute of Electrical and Electronics Engineers ("IEEE") Part 11 under the name of "Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY) Specifications," also known as "Wi-Fi."

15. After an original Wi-Fi standard was published in 1999, new standard versions have been published by amendments. For example, the IEEE standard 802.11a (IEEE Std 802.11a-1999) was published in 1999, the IEEE standard 802.11b (IEEE Std 802.11b-1999) was published in 1999, and the IEEE standard 802.11g (IEEE Std 802.11g-2003) was published in 2003. Subsequently, the IEEE standard 802.11n (IEEE Std 802.11n-2009) for enhancements for higher throughput (HT) was published in 2009, and the IEEE standard 802.11 ac (IEEE 802.11 ac-2013) for enhancements for very high throughput (VHT) was published in 2013. These prior versions of the 802.11 standard are called legacy standards.

16. As wireless devices proliferated, the need arose to improve the performance of Wi-Fi in high-density scenarios. To address this issue, an IEEE task group began working on a new standard high efficiency (HE) WLAN to enhance the throughput-per-area of Wi-Fi. This standard became known as 802.11ax, commonly called "Wi-Fi 6." The first draft of the 802.11ax Standard was published in March 2016. The IEEE approved the final version of the 802.11ax-2021 Standard on February 9, 2021.

17. Wi-Fi 6 provides numerous benefits over previous Wi-Fi standards, which the industry has recognized and actively promoted. For example, Qualcomm has stated that Wi-Fi 6 provides "up to 4x increase in capacity," "higher efficiency," and "improved coverage & performance" over previous Wi-Fi standards. https://www.qualcomm.com/media/documents/files/802-11ax-wi-fi-with-unprecedented-capacity.pdf. Intel has stated that Wi-Fi 6 offers 9.6 Gbps of maximum throughput, whereas Wi-Fi 5 offered a maximum throughput of 3.5 Gbps. https://www.intel.com/content/www/us/en/gaming/resources/wifi-6.html. Intel has also stated that Wi-Fi 6 can result in up to 75% less latency. *Id*. Cisco has stated that Wi-Fi 6 "lets access points support more clients in dense environments and provide[s] a better experience for typical wireless

LAN networks." https://www.cisco.com/c/en/us/products/collateral/wireless/white-paper-c11-740788.html.

18. According to Samsung, Wi-Fi Certified 6 devices "will allow family homes to better stream high definition entertainment, simultaneously manage the connected home and efficiently support multiple devices," and will provide improved connectivity outside and in enterprise environments. https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Key features in Wi-Fi 6 which "will bring more reliable performance even in challenging environments" include providing "Uplink and downlink Orthogonal Frequency Division Multiple Access (OFDMA)" and "Multi-User Multiple-Input, Multiple-Output (MU-MIMO)." *Id*. Samsung touted these benefits when introducing its Galaxy Note 10 smartphone, which it noted was the first smartphone to be Wi-Fi 6 certified. Samsung also stated that Wi-Fi 6 provides advantages over legacy standards, including "greater capacity," "improve[d] connectivity in high population areas," "faster and seamless Wi-Fi connection in crowded areas," and "more reliable performance even in challenging environments." https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Thus, Samsung has recognized that Wi-Fi 6 Certification is a distinct advantage over other smartphones without these capabilities.

## NEWRACOM

19. The Asserted Patents were all invented and developed by engineers at Newracom, a leader and pioneer in wireless communication technology. Newracom was founded in 2014 by a group of 28 former employees of the Electronics & Telecommunications Research Institute ("ETRI"), a research institution funded by the government of Korea.

20. Newracom was a major contributor to the 802.11ax-2021 Standard, providing numerous technical contributions to that Standard which have proven to be highly beneficial in improving the bandwidth of wireless transmissions, while minimizing latency among the devices connected to the wireless local area network. Notably, Newracom has been acknowledged as one of the leaders in both number of technical submissions and the number of submissions ultimately adopted

by the 802.11ax Task Group. According to an IAM Industry Report dated April 25, 2018, Newracom was recognized as the world's fourth most active technical contributor to the 802.11ax Standard, behind only Qualcomm, Intel, and Huawei. *See* https://www.iam-media.com/ieees-empirical-record-success-and-innovation-following-patent-policy-updates. The contributions provided by Newracom have led to over 175 United States patents relating to the 802.11ax Standard.

## SAMSUNG'S KNOWLEDGE OF NEWRACOM'S PATENTS

21. Like Newracom, Samsung was a member of the 802.11ax Task Group. Thus, it was well aware of the significant contributions made by Newracom engineers to the 802.11ax Standard that was ultimately adopted. Samsung has known that Newracom possessed patents relating to the 802.11ax Standard since at least March 11, 2015. On that date, Newracom submitted a Letter of Assurance for Essential Patent Claims ("LOA") to the IEEE. In the LOA, Newracom stated that it "may own, control, or have the ability to license Patent Claims that might be or become Essential Patent Claims."

## SAMSUNG'S USE OF THE PATENTED TECHNOLOGY

22. On information and belief, Samsung makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States various devices with WiFi capabilities. For example, Samsung makes, uses, and sells phones, tablets, e-readers, cameras, and televisions that support WiFi 6. Samsung's devices with WiFi 6 capability include software and hardware on the devices that implement the inventions claimed in the Asserted Patents.

23. The Accused Products include all Samsung products that comply with the 802.11ax-2021 Standard, including but not limited to the following Samsung products:

| Phone Products | | |
|---|---|---|
| SM-G998U | SM-G781U | SM-G975XN |
| SM-G991Q | SM-N985F/DS | SM-G975N |

| | | |
|---|---|---|
| S5E9815_ERD | SM-N986B/DS | SM-G975X |
| SM-G780G/DS | SM-N985F | SM-G975U |
| SM-G780G/DSM | SM-N986U1 | SM-G975F/DS |
| SM-G781B/DS | SM-N986W | SCG03 |
| SM-G780G | SM-N9860 | SM-G981V |
| SM-G780F/DSM | SM-N986N | SM-G981V |
| SM-G998U | SM-F916U1 | SM-G986DS |
| SM-G998B/DS | SM-F916W | SM-G986DS |
| SM-G996B/DS | SM-F916N | SM-G988B |
| SM-G996U | SM-F9160 | SM-G988B |
| SM-G991B/DS | SM-F916Q | SM-G988B/DS |
| SM-G991U | SM-F916B | SM-G988U1 |
| SM-G975U1 | SM-G781B/DS | SM-G988W |
| SM-G975W | SM-N981U1 | SM-G988N |
| SM-G970N | SM-N981W | SM-G9880 |
| SM-G970F | SM-N981N | SM-G988U1 |
| SM-G981V | SM-N9810 | SM-G988W |
| SM-G781B | SM-N986B | SM-G981B |
| SM-G780F | SM-N986U | SM-G981B |
| SM-G780F/DS | SM-F916U | SM-G988U |
| SM-G977T | SM-N9810 | SM-G985F/DS |
| SC-05L | SM-N981N | SM-G980F |
| SM-G977P | SM-N981W | SM-G985F |
| SM-G998N | SM-N981U1 | SM-G986B |

| SM-G998U | SM-N981U | SM-G980F/DS |
|---|---|---|
| SM-G781N | SM-G781B/DS | SM-G981W |
| SC-52A | SM-G781V | SM-G985F/DS |
| SCV42 | SM-F916U1 | SM-G9810 |
| SC-04L | SM-F916W | SM-G980F |
| SC-01M | SM-F916N | SM-G985F |
| SC-51A | SM-F9160 | SM-G986B |
| SM-G780F/DSM | SM-F916Q | SM-G986N |
| SM-G975U | SM-F916B | SM-G980F/DS |
| SM-N981B/DS | SM-F916U | SM-G981N |
| SM-N986B | SM-F916U1 | SM-G981W |
| SM-N981U | SM-F916W | SM-G981B/DS |
| SM-N986U | SM-F916N | SM-G986B/DS |
| SM-N9810 | SM-F9160 | SM-G986W |
| SM-N981N | SM-F916Q | SM-G986U1 |
| SM-N981W | SM-F916B | SM-G9860 |
| SM-N981U1 | SM-F916U | SM-G986W |
| SM-N985F/DS | SM-N981B | SM-G986U1 |
| SM-N986B/DS | SM-N980F/DS | SM-G986U |
| SM-N985F | SM-N980F | SM-N976B |
| SM-N986U1 | SM-N981B/DS | SM-N976V |
| SM-N986W | SM-F916U1 | SM-N971N |
| SM-N9860 | SM-F916W | SM-N970XU |
| SM-N986N | SM-F916U1 | SM-N970XC |

| | | |
|---|---|---|
| SM-N981B | SM-F916W | SM-N9700 |
| SM-N980F/DS | SM-F916N | SM-N970W |
| SM-N980F | SM-F9160 | SM-N970U1 |
| SM-N986U | SM-F916Q | SM-N970X |
| SM-N986B | SM-N985F/DS | SM-N971XN |
| SM-N981U | SM-N985F/DS | SM-N970F/DS |
| SM-N981B/DS | SM-F916B | SM-N970F |
| SM-G986B/DS | SM-F916B | SM-N976Q |
| SM-G970U | SM-F916U | SM-N976U |
| SM-G985F/DS | SM-N981B | SC-01M |
| SM-G985F | SM-N980F/DS | SCV45 |
| SM-G986B | SM-N980F | SM-N9760 |
| SM-G9708 | SM-N981B | SM-N975XU |
| SM-G9700 | SM-N980F/DS | SM-N975C |
| SM-G970U1 | SM-N980F | SM-N9750 |
| SM-G970W | SM-N981B/DS | SM-N976XU |
| SM-G970XU | SM-F707B | SM-N976XC |
| SM-G970XC | SCG04 | SM-N975W |
| SM-G973C | SM-F707N | SM-N975U1 |
| SC-03L | SM-F7070 | SM-N975U |
| SM-G9738 | SM-F707W | SM-N976XN |
| SM-G973XU | SM-F707U1 | SM-N976N |
| SM-G9730 | SM-F707U | SM-N975X |
| SM-G973W | SM-F707B | SM-N975F/DS |

| | | |
|---|---|---|
| SM-G973U1 | SM-N986B/DS | SM-N975F |
| SM-G973U | SM-N986U1 | SM-N976B |
| SM-G970U | SM-N986W | SM-N976V |
| SM-G986B/DS | SM-N986B/DS | SM-N971N |
| SM-G988B/DS | SM-N986U1 | SM-N970U |
| SM-G988U | SM-N986W | SM-G981U |
| SM-G988Q | SM-N985F | SM-G970F |
| SCG03 | SM-N985F | SM-G970XN |
| SM-G988N | SM-F707W | SM-G970N |
| SM-G9880 | SM-F707U1 | SM-G970X |
| SM-G988U1 | SM-F707U | SM-G973N |
| SM-G988W | SM-F707N | SM-G973F/DS |
| SM-G988B | SM-F7070 | SM-G973X |
| SM-G988U | SM-F707W | SM-G973XN |
| SM-G988B/DS | SM-F707U1 | SM-G973C |
| SM-G780F/DSM | SM-F707U | SC-03L |
| SM-G986U | SM-F707B | SM-G9738 |
| SM-G981U | SM-N986B | SM-G973XU |
| SM-G986DS | SM-N986N | SM-G9730 |
| SM-G986N | SM-N986B | SM-G973W |
| SM-G9860 | SM-N981W | SM-G973U1 |
| SM-G986W | SM-N981U1 | SM-G977B |
| SM-G986U1 | SM-N9810 | SM-G977XN |
| SM-G9810 | SM-N981N | SM-G9708 |

| | | |
|---|---|---|
| SM-G981N | SM-N981W | SM-G9700 |
| SM-G981W | SM-N981U1 | SM-G970U1 |
| SM-G780F/DS | SM-N9860 | SM-G970W |
| SM-G780F | SM-N986U | SM-G970XU |
| SM-G780F/DSM | SM-N981U | SM-G970XC |
| SM-G986U | SM-G988Q | SM-G977N |
| SM-G981U | SM-F907N | SM-G973F |
| SM-G981B/DS | SM-W2020 | SM-G973U |
| SM-G981B | SM-F907B | SM-G970F/DS |
| SM-G980F | SM-F907N | SM-G970U |
| SM-G980F/DS | SM-G9708 | SC-05L |
| SM-G981B/DS | SM-G9700 | SM-G9758 |
| SM-W2021 | SM-G970U1 | SM-G975XC |
| SM-W2021 | SM-G970W | SM-G9750 |
| SM-G781B | SM-G970XU | SM-G975XU |
| SM-G781B | SM-G970XC | SM-G975W |
| SM-G780F/DS | SM-G973C | SM-G975U1 |
| SM-G780F | SC-03L | SM-G975F |
| SM-G780F/DS | SM-G9738 | SM-G975XN |
| SM-G780F | SM-G973XU | SM-G975N |
| SM-G781N | SM-G9730 | SM-G975X |
| SM-G7810 | SM-G973W | SM-G975F/DS |
| SM-G780F/DSM | SM-G973U1 | SM-G975U |
| SM-G781V | SM-G973U | SM-N976Q |

| | | |
|---|---|---|
| SM-F916Q | SM-G970U | SM-N970XU |
| SM-G781U1/DS | SM-F900U | SM-N970XC |
| SM-G781W | SM-F900U1 | SM-N9700 |
| SM-G781U | SM-F900W | SM-N970W |
| SM-N980F | SM-F9000 | SM-N970U1 |
| SM-N980F/DS | SM-F900F | SM-N970U |
| SM-N981B | SM-G977B | SM-N976U |
| SM-G781V | SM-G977XN | SC-01M |
| SM-N981B | SM-G970F | SCV45 |
| SM-N980F/DS | SM-G970XN | SM-N9760 |
| SM-N980F | SM-G970N | SM-N975XU |
| SM-F9160 | SM-G970X | SM-N975C |
| SM-F916N | SM-G973N | SM-N9750 |
| SM-F916B | SM-G973F/DS | SM-N976XU |
| SM-F916W | SM-G973X | SM-N976XC |
| SM-F916U1 | SM-G973XN | SM-N975W |
| SM-N9860 | SM-F900U | SM-N975U1 |
| SM-N986N | SM-G977N | SM-N975U |
| SM-N985F | SM-G973F | SM-N976XN |
| SM-N985F/DS | SM-G970F/DS | SM-N976N |
| SM-N986B/DS | SM-W2020 | SM-N975X |
| SM-N986U1 | SM-F907B | SM-N975F/DS |
| SM-N986W | SM-F907N | SM-N975F |
| SM-N981B/DS | SC-05L | SM-N976B |

| | | |
|---|---|---|
| SM-G781U1/DS | SM-G9758 | SM-N976V |
| SM-G781W | SM-G975XC | SM-N970X |
| SM-G781U | SM-G9750 | SM-N971XN |
| SM-G781B/DS | SM-G975XU | SM-N970F/DS |
| SM-F916U | SM-G975W | SM-N970F |
| SM-G781U1/DS | SM-G975U1 | SM-N971N |
| SM-G781W | SM-G975F | |

| Tablet, E-Reader, and Camera Products | | |
|---|---|---|
| SM-T570 | SM-T978U | SM-T577U/DS |
| SM-T577U/DS | SM-T976N | SM-T570 |
| SM-T577 | SM-T975N | SM-T575 |
| SM-T575N | SM-T875 | SM-T575 |
| SM-T575 | SM-T875 | SM-T878U |
| SM-T870 | SM-T976B | SM-T878U |
| SM-T875N | SM-T577U/DS | SM-T875N |
| SM-T878U | SM-T575 | SM-T870 |
| SM-T970 | SM-T575N | SM-T875 |
| SM-T975 | SM-T577 | SM-T875 |

| Television and Set-Top Box Products | Model Number |
|---|---|
| Wi-Fi6 Wireless LAN adaptor | MT7921 |
| Wi-Fi6 Wireless LAN adaptor | MT7921 |
| Wi-Fi6 Wireless LAN adaptor | MT7915 |

14

| Samsung Smart TV | QN900A |
| --- | --- |
| Samsung Smart TV | QN800A |
| Samsung Smart TV | Q950TS |
| Samsung Smart TV | Q900TX |
| Samsung Smart TV | Q900 |

## FIRST COUNT

### (Infringement of U.S. Patent No. 9,763,259)

24. Atlas incorporates by reference the allegations set forth in Paragraphs 1-23 of this Complaint as though fully set forth herein.

25. The '259 Patent, entitled "Sounding Method," was duly and lawfully issued on September 12, 2017. Atlas is the owner of all right, title, and interest in the '259 Patent. The '259 Patent was filed on September 22, 2015 as Application No. 14/862,078 and claims the benefit of Korean Patent Application No. 10-2015-0116576, filed on August 19, 2015, and U.S. Provisional Application No. 62/054,270, filed on September 23, 2014. A true and correct copy of the '259 Patent is attached hereto as Exhibit A.

26. The '259 Patent relates to multi-user ("MU") sounding and feedback in a wireless network. MU transmission requires channel information for the devices to access their subchannels that have been assigned by an Access Point ("AP"). The Accused Products support and implement a sounding method as a non-AP station device on the wireless network that receives wireless communications from an AP. The Accused Products are configured to receive a null data packet announcement ("NDPA") frame from a transmitting device. The Accused Products are designed to then receive a null data packet ("NDP") frame from the AP after receiving the NDPA frame. In response, the Accused Products are designed to transmit to the AP a feedback frame including subchannel information measured on a first subchannel after receiving the NDP frame. The first subchannel is a subchannel that has been allocated to the first receiving device by an AP from among a plurality of subchannels through which signal transmissions may occur. The Accused

Products are designed such that, when transmitting the feedback frame, the non-AP station device will transmit the feedback frame to the AP while a second feedback frame including subchannel information measured on a second subchannel is transmitted simultaneously to the AP by a second non-AP station device, the second subchannel being a subchannel that has been allocated to the second receiving device among the plurality of subchannels by the AP.

27. Samsung directly infringes the '259 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '259 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the '259 Patent by practicing the 802.11ax Standard. The Samsung Accused Products operate as Station devices that are designed by Samsung and operate consistent with the requirements of 802.11ax.  This includes the ability to generate and send multi-user ("MU") uplink ("UL") transmissions in response to a request by an Access Point ("AP").

28. In addition to directly infringing the '259 method claims by using infringing products in the United States, Samsung also indirectly infringes the '259 claims. Where acts constituting direct infringement of the '259 Patent are not performed by Samsung, such acts constituting direct infringement of the '259 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

29. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 1 of the '259 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '259 Patent.

30. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an

16

example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

31. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## SECOND COUNT

### (Infringement of U.S. Patent No. 9,825,738)

32. Atlas incorporates by reference the allegations set forth in Paragraphs 1-31 of this Complaint as though fully set forth herein.

33. The '738 Patent, entitled "Acknowledgement Method and Multi User Transmission Method," was duly and lawfully issued on November 21, 2017. Atlas is the owner of all right, title, and interest in the '738 Patent. The '738 Patent was filed on April 3, 2015 as Application No. 14/678,724 and claims the benefit of U.S. Provisional Application No. 61/981,427, filed on April 18, 2014, and U.S. Provisional Application No. 61/975,622, filed on April 4, 2014. A true and correct copy of the '738 Patent is attached hereto as Exhibit B.

34. The '738 Patent is directed to improvements related to trigger frames, which are used to solicit and schedule simultaneous transmissions from multiple user devices on a wireless local area network. The concept of trigger frames to solicit and synchronize multi-user uplink frames was first introduced into the wireless standard as part of 802.11ax, and Newracom was a key contributor to those concepts. The '738 Patent covers a method of operating a station device in a wireless network that supports both multi-user downlink transmissions and multi-user uplink transmissions. In the'738 invention embodied in Claim 9, the station device receives a physical

downlink frame transmitted to a plurality of station devices as part of a downlink multi-user transmission. Included in the downlink multi-user frame is uplink setup information that is to be used by the stations when responding to the downlink multi-user frame. The setup information includes information that is common to the multiple stations joining in the uplink multi-user transmission. The setup information also includes dedicated information that is specific to each responding station. The common information includes information that is a function of a total number of space time streams to be used to perform the simultaneous transmission of the uplink frames by each of the stations participating in the uplink multi-user transmission. The station transmits an uplink frame to the access point in response to receiving the uplink setup information simultaneously with uplink frames from one or more other stations in the wireless network. After transmitting the uplink frame to the access point, the station receives an acknowledgement frame from the access point.

35. Samsung directly infringes the '738 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '738 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 9 of the '738 Patent by practicing the 802.11ax Standard.

36. Samsung also indirectly infringes at least claim 9 of the '738 Patent. Where acts constituting direct infringement of the '738 Patent are not performed by Samsung, such acts constituting direct infringement of the '738 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

37. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 9 of the '738 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '738 Patent.

38. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-

new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

39. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## THIRD COUNT

### (Infringement of U.S. Patent No. 9,848,442)

40. Atlas incorporates by reference the allegations set forth in Paragraphs 1-39 of this Complaint as though fully set forth herein.

41. The '442 Patent, entitled "Method for Transmitting and Receiving Frame in Wireless Local Area Network," was duly and lawfully issued on December 19, 2017. Atlas is the owner of all right, title, and interest in the '442 Patent. The '442 Patent was filed on November 10, 2015 as Application No. 14/937,284 and claims the benefit of U.S. Provisional Application No. 62/077,771, filed on November 10, 2014. A true and correct copy of the '442 Patent is attached hereto as Exhibit C.

42. The '442 Patent relates to setting a physical layer ("PHY") level network allocation vector ("NAV") when receiving a high-efficiency ("HE") physical layer protocol data unit ("PPDU") and setting a medium access control ("MAC") level NAV when receiving a legacy PPDU. The 802.11ax Standard provides criteria for determining whether a received PPDU originated from a basic service set ("BSS") to which the device belongs or originated from a BSS to which the device

does not belong. According to the 802.11ax Standard, when a device receives an HE PPDU, the device will set a PHY-level virtual carrier sensing using duration information included in the PHY header of the PPDU. When a device receives a legacy PPDU, the device will set a MAC-level virtual carrier sensing using duration information included in the MAC header of the PPDU. Depending on the value of the virtual carrier sensing, the device will then attempt to obtain a transmission opportunity.

43. Samsung directly infringes the '442 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '442 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 8 of the '442 Patent by practicing the 802.11ax Standard.

44. In addition to directly infringing the '442 apparatus claims by making, selling and using infringing products in the United States, Samsung also indirectly infringes the '442 Patent claims. Where acts constituting direct infringement of the '442 Patent are not performed by Samsung, such acts constituting direct infringement of the '442 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

45. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 8 of the '442 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '442 Patent.

46. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-

081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

47. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## FOURTH COUNT

### (Infringement of U.S. Patent No. 9,912,513)

48. Atlas incorporates by reference the allegations set forth in Paragraphs 1-47 of this Complaint as though fully set forth herein.

49. The '513 Patent, entitled "System and Method for Synchronization for OFDMA Transmission," was duly and lawfully issued on March 6, 2018. Atlas is the owner of all right, title, and interest in the '513 Patent. The '513 Patent was filed on July 6, 2016 as Application No. 15/203,717 as a continuation of Application No. 14/868,303, filed on September 28, 2015 (which resulted in U.S. Patent No. 9,413,581), and further claims the benefit of U.S. Provisional Application No. 62/061,503, filed on October 8, 2014. A true and correct copy of the '513 Patent is attached hereto as Exhibit D.

50. The '513 Patent generally relates to 802.11ax downlink ("DL") trigger frames sent by access points and received by stations that indicate the guard interval duration of the expected uplink ("UL") responsive frames sent by the stations. In MU OFDMA, stations may simultaneously transmit uplink frames where each field within an uplink frame includes: (1) a guard interval (sometimes referred to as a "cyclic prefix") and then (2) one or more symbols. But if the guard interval durations are not uniform amongst all the stations, the symbols will not be synchronized, and the access point may have greater difficulty correctly decoding the frames received from the stations. To ensure all the stations use the same guard interval duration, the

access point may transmit a trigger frame with information for a guard interval ("GI") duration to be used for at least some symbols of a subsequent UL frame.

51. Samsung directly infringes the '513 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '513 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the '513 Patent by practicing the 802.11ax Standard.

52.  In addition to directly infringing the '513 apparatus claims by making, selling and using infringing products in the United States, Samsung also indirectly infringes the '513 Patent claims. Where acts constituting direct infringement of the '513 Patent are not performed by Samsung, such acts constituting direct infringement of the '513 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

53. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 1 of the '513 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '513 Patent.

54. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

55. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## FIFTH COUNT

### (Infringement of U.S. Patent No. 9,917,679)

56. Atlas incorporates by reference the allegations set forth in Paragraphs 1-55 of this Complaint as though fully set forth herein.

57. The '679 Patent, entitled "Method and Apparatus for Transmitting Response Frame Based on Type in a High Efficiency Wireless LAN," was duly and lawfully issued on March 13, 2018. Atlas is the owner of all right, title, and interest in the '679 Patent. The '679 Patent was filed on November 3, 2015 as Application No. 14/931,753 and claims the benefit of U.S. Provisional Application No. 62/080,026, filed on November 14, 2014, and U.S. Provisional Application No. 62/074,514, filed on November 3, 2014. A true and correct copy of the '679 Patent is attached hereto as Exhibit E.

58. The '679 Patent generally relates to 802.11ax responsive UL transmission. The 802.11ax station receives a downlink (DL) frame from an Access Point that identifies the type of UL frame for the station to provide as an Acknowledgement. The types may be either a single-user (SU) type or a multiple-user (MU) type frame. The station transmits to the AP an uplink frame of the type specified by the AP in the DL frame. If the UL frame corresponds to a MU type, a plurality of stations transmit the UL frame simultaneously.

59. Samsung directly infringes the '679 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '679 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the '679 Patent by practicing the 802.11ax Standard.

60. Samsung also indirectly infringes the '679 Patent claims. Where acts constituting direct infringement of the '679 Patent are not performed by Samsung, such acts constituting direct

infringement of the '679 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

61. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 1 of the '679 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '679 Patent.

62. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

63. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## SIXTH COUNT

### (Infringement of U.S. Patent No. 10,020,919)

64. Atlas incorporates by reference the allegations set forth in Paragraphs 1-63 of this Complaint as though fully set forth herein.

65. The '919 Patent, entitled "Protection Methods for Wireless Transmissions," was duly and lawfully issued on July 10, 2018. Atlas is the owner of all right, title, and interest in the '919 Patent.

The '919 Patent was filed on April 25, 2017 as Application No. 15/497,094 as a continuation of Application No. 15/291,947, filed on October 12, 2016 (which resulted in U.S. Patent No. 9,667,394), and further claims the benefit of U.S. Provisional Application No. 62/333,192, filed on May 7, 2016, U.S. Provisional Application No. 62/333,077, filed on May 6, 2016, U.S. Provisional Application No. 62/331,380, filed on May 3, 2016, and U.S. Provisional Application No. 62/240,419, filed on October 12, 2015. A true and correct copy of the '919 Patent is attached hereto as Exhibit F.

66. The '919 Patent generally relates to an access point soliciting Channel State Information ("CSI") from one or more stations using a Null Data Packet Announcement (indicating which stations should send CSI) followed by a Null Data Packet, after which either a single station responds, or multiple stations wait for an indication they should respond (in response to a polling or trigger frame). The '919 Patent discloses a CSI feedback procedure, also known as sounding procedure, consists of a transmission, by the beamformer (such as an AP), of a non-data packet announcement (NDPA) transmission followed by non-data packet (NDP). In response to the NDPA transmission and the NDP, a beamformee (such as a station) transmits CSI feedback to the beamformer. The '919 Patent teaches multiple procedures for providing CS feedback, including: (1) a single user provides CSI feedback using a UL Single-User (SU) MIMO transmission, or (2) a plurality of users provide CSI feedback simultaneously using an UL MU transmission. The procedure used is indicated by a number of per-station information fields in the NDPA frame. The NDPA frame contains parameters for CSI feedback as well as list of STAs that are directed to participate in the CSI feedback process. Thus, the '919 Patent teaches a technique which supports UL MU transmission while avoiding the overhead of a trigger frame when only soliciting CSI information from a single station.

67. Samsung directly infringes the '919 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '919 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the '919 Patent by practicing the 802.11ax Standard.

68. Samsung also indirectly infringes the '919 Patent claims. Where acts constituting direct infringement of the '919 Patent are not performed by Samsung, such acts constituting direct infringement of the '919 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

69. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 1 of the '919 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '919 Patent.

70. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

71. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## SEVENTH COUNT

### (Infringement of U.S. Patent No. 10,153,886)

72. Atlas incorporates by reference the allegations set forth in Paragraphs 1-71 of this Complaint as though fully set forth herein.

73. The '886 Patent, entitled "Apparatus and Method for Downlink and Uplink Multi-User Transmissions," was duly and lawfully issued on December 11, 2018. Atlas is the owner of all right, title, and interest in the '886 Patent. The '886 Patent was filed on November 15, 2016 as Application No. 15/352,435 as a continuation of Application No. 15/078,920, filed on March 23, 2016 (which resulted in U.S. Patent No. 9,531,520), and further claims the benefit of U.S. Provisional Application No. 62/140,349, filed on March 30, 2015, and U.S. Provisional Application No. 62/137,138, filed on March 23, 2015. A true and correct copy of the '886 Patent is attached hereto as Exhibit G.

74. The '886 Patent is directed to important improvements related to triggering mechanisms for soliciting and scheduling multi-user uplink transmissions that were first implemented in 802.11ax. As noted above, Newracom was a key contributor to the concepts and implementation details of triggering frames. The '886 Patent recites both method and apparatus claims directed to a receiving station device, in which the station receives a downlink frame from an access point and identifies scheduling information in the MAC header of the downlink frame that solicits an uplink response frame from the station. In response to receipt of the scheduling information in the MAC header of the downlink frame, the receiving device generates an uplink response that includes a single high efficiency long training (HE-LTF) field that consists of a single OFDM symbol and transmits the uplink response frame using the scheduling information provided in the downlink frame.

75. Samsung directly infringes the '886 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '886 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 9 of the '886 Patent by practicing the 802.11ax Standard.

76. Samsung also indirectly infringes certain claims of the '886 Patent. Where acts constituting direct infringement of the '886 Patent are not performed by Samsung, such acts constituting direct infringement of the '886 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

77. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 9 of the '886 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '886 Patent.

78. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

79. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## EIGHTH COUNT

### (Infringement of U.S. Patent No. 10,756,851)

80. Atlas incorporates by reference the allegations set forth in Paragraphs 1-79 of this Complaint as though fully set forth herein.

81. The '851 Patent, entitled "Multiplexing Acknowledgment Messages in Response to Downlink Frames," was duly and lawfully issued on August 25, 2020. Atlas is the owner of all right, title, and interest in the '851 Patent. The '851 Patent was filed on November 28, 2018 as Application No. 16/203,501 as a continuation of Application No. 15/151,433, filed on May 10,

2016 (which resulted in U.S. Patent No. 10,181,930), and further claims the benefit of U.S. Provisional Application No. 62/193,305, filed on July 16, 2015, U.S. Provisional Application No. 62/191,623, filed on July 13, 2015, U.S. Provisional Application No. 62/160,527, filed on May 12, 2015, and U.S. Provisional Application No. 62/159,346, filed on May 10, 2015. A true and correct copy of the '851 Patent is attached hereto as Exhibit H.

82. The '851 Patent generally relates to a wireless communication system in which a plurality of acknowledgement messages from multiple station devices are multiplexed and transmitted simultaneously in response to multi-user downlink frames. The multi-user downlink transmission includes a control extension in a control field that includes scheduling information used by a plurality of station devices for the multi-user uplink acknowledgement. More specifically, the control extension includes scheduling information for a trigger-based response.

83. Samsung directly infringes the '851 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States products that directly infringe the '851 Patent, including the above identified Accused Products. The Accused Products infringe at least claim 1 of the '851 Patent by practicing the 802.11ax Standard.

84. Samsung also indirectly infringes the '851 Patent claims. Where acts constituting direct infringement of the '851 Patent are not performed by Samsung, such acts constituting direct infringement of the '851 Patent are performed by Samsung's customers or end-users who act at the direction and/or control of Samsung, with Samsung's knowledge.

85. Atlas is informed and believes, and on that basis alleges, that Samsung indirectly infringes at least claim 1 of the '851 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers with the knowledge and intent that use of those products would constitute direct infringement of the '851 Patent.

86. For example, Samsung advertises to its customers that it sells products that implement the 802.11ax Standard. *See* https://news.samsung.com/global/samsung-is-leading-the-industry-with-new-standards-in-wi-fi-connectivity. Samsung also instructs its customers on how to connect the

29

Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. As an example, the "Set-Up Wizard" of the Galaxy Note 10 assists users in connecting to a wireless network as part of the process for setting up the device. *See* https://www.att.com/ecms/dam/att/devicesupport/ATT-N970U-N975U-EN-UM-TN-SGO-081219-FINAL-WEB.PDF. Once the Accused Products connect to a Wi-Fi network, they will automatically implement the 802.11ax Standard based upon the hardware and software provided in the Accused Products, if the WLAN network to which they connect supports the 802.11ax Standard.

87. Samsung's acts of infringement have cause damage to Atlas, and Atlas is entitled to recover from Samsung (or any successor entity to Samsung) the damages sustained by Atlas as a result of Samsung's wrongful acts in an amount subject to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and seeks relief against Samsung as follows:

(a) For judgment that U.S. Patent Nos. '259, '738, '442, '513, '679, '919, '886, and '851 have been and continue to be infringed by Samsung;

(b) For an accounting of all damages sustained by Plaintiff as the result of Samsung's acts of infringement;

(c) For finding that Samsung's infringement is willful and enhancing damages pursuant to 35 U.S.C. § 284;

(d) For a mandatory future royalty payable on each and every future sale by Samsung of a product that is found to infringe one or more of the Asserted Patents and on all future products that are not colorably different from products found to infringe;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise permitted by law;

(f) For all costs of suit; and

(g) For such other and further compensatory relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Plaintiff demands a trial by jury of this action.

Dated:  August 9, 2021

Respectfully submitted,

/s/ *Michael F. Heim*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby, Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com

eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com


*ATTORNEYS    FOR    ATLAS    GLOBAL
TECHNOLOGIES LLC*